**In re Raymond AMERSON–BEY; Richard Hopkins; Gerald Hopkins–Bey; Gary Hammell El; Nobel Laverne Bennett; Samuel Lee Petty, Petitioners.**

**No. 92–2463.**

United States Court of Appeals, Eighth Circuit.

Sept. 3, 1992.

Before McMILLIAN, Circuit Judge, HENLEY, Senior Circuit Judge, and BEAM, Circuit Judge.

## ORDER

Petitioners are private attorneys who were appointed to represent indigent criminal defendants under the Criminal Justice Act (CJA), 18 U.S.C. § 3006A. They have applied to this court for authorization under the CJA to pay their attorney for services that they argue were necessary to their adequate representation of their CJA clients. For the reasons discussed below, we deny petitioners' application.

By June 17, 1992, the currently appropriated funds available to pay CJA-appointed attorneys had been completely expended. Petitioners had been authorized to receive interim CJA payments, but had not received any payment for many months and as a result faced serious financial hardship, both professionally and personally. The exhaustion of the CJA funds and the imminent commencement of the underlying criminal trial, *United States v. Lewis–Bey,* No. 91–00001CR(6), which would have required petitioners' daily attendance and full-time attention and was expected to continue for several months, prompted petitioners to seek an emergency stay of the criminal trial and to retain their own attorney to jointly represent them in connection with that collateral proceeding.

On July 6, 1992, this court temporarily stayed the underlying criminal trial and remanded the matter to the district court with directions to hold an evidentiary hearing and certify certain findings of fact and conclusions of law with respect to petitioners' financial condition. As directed, the district court held an evidentiary hearing as well as limited *in camera* proceedings and filed a memorandum opinion. In the meantime, additional funds were made available by the Administrative Office of the United States Courts in order to pay CJA-appointed attorneys. On July 28, 1992, this court adopted the findings of fact and conclusions of law of the district court, noted the current availability of additional CJA funds, and remanded the matter to the district court for further proceedings, including the immediate filing by petitioners and the prompt processing and review by the district court of applications for interim payment of attorney's fees, costs and expenses under the general provisions previously authorized by the district court.

Petitioners have now applied to this court for authorization for payment under the CJA for services of their attorney who represented them in connection with the emergency stay proceedings in this court and in the evidentiary hearing in the district court. Petitioners argue these collateral proceedings were extraordinary and that their attorney's services were necessary to their adequate representation of their CJA clients. Petitioners argue that their attorney is an expert or consultant on the subject of CJA funding and that his services were essential to their obtaining additional CJA funds and thus to the protection of their CJA clients' rights to effec-

tive assistance of counsel. At the court's request, the government filed a response.

We have considered petitioners' application and memorandum in support, as well as the government's response, and we deny petitioners' application. Petitioners acknowledge that neither this court nor the district court appointed their attorney under the CJA to represent them, individually or jointly, or as co-counsel or associate attorney to represent any of their CJA clients, and that they did not obtain prior authorization for his services. Nor was petitioner's attorney appointed by this court or the district court as an expert or consultant to serve exclusively on behalf of the court. In addition, we are reluctant to extend the scope of "services necessary to adequate representation" beyond the CJA defendant to the attorney appointed to represent the CJA defendant. We simply do not think that petitioners' attorney stands in the same position, at least for purposes of authorization for payment under the CJA, as an investigator or other expert whose services are necessary to the adequate representation of the CJA defendant.

Accordingly, petitioners' application for authorization under the CJA for payment to petitioners' attorney is denied.